REIFF  v.  INTERSTATE  BUSINESS  MEN'S  ACCIDENT
ASSOCIATION OF DES MOINES, IOWA.

Opinion delivered February 5, 1917.

1. EVIDENCE—CONFLICTING EXPERT TESTIMONY.—Where the testimony
of expert witnesses introduced in a cause is conflicting, it is within the
province of the jury to choose between these experts, or to discard
the evidence of all of them, provided the jury does not act arbitrarily.

2. APPEAL AND ERROR—STATEMENTS OF JUROR AFTER DISCHARGE.—
Considerations of public policy in the orderly administration of justice
forbid the reception of evidence on the part of a juror, after the dis-
charge of the jury and the separation of the jurors, that the particular
juror did not understand and appreciate the effect of the verdict.

3. APPEAL AND ERROR—SURPRISE—TESTIMONY OF WITNESS—PREJU-
DICE.—Appellant is not prejudiced by surprise, where an expert
physician, to whom his counsel had talked, testified differently at the
trial, on behalf of the appellee, where the verdict of the jury on the
issue there involved, was directly in appellant's favor.

7. APPEAL AND ERROR—RESPONSIVENESS OF VERDICT TO EVIDENCE—
ACCIDENT POLICY.—Appellant sued to recover on an accident policy,
and claimed a total disability for a period of sixty-six weeks. The
jury returned a verdict, showing that appellant's injury was caused
by conditions coming within the policy but allowed a recovery for
only sixty weeks. Held, the verdict would not be disturbed since
there was evidence to the effect that some part of appellant's dis-
ability was due to other causes.

Appeal from Lonoke Circuit Court; *W. H. Pem-
berton*, Special Judge; affirmed.

*T. C. Trimble, Jr.*, and *J. W. House, Jr.*, for appel-
lant.

1. The finding of the jury is inconsistent. The
evidence shows plaintiff was totally disabled from work.
The jury found that his disability was not from syphilis.
A new trial should have been granted.   Kirby's
Digest, § 6208; 84 Ark. 359.

2. The verdict is contrary to the evidence.
Every witness testified that plaintiff was totally in-
capacitated from the date of the injury to the date of
the trial from performing any of the duties of bank
cashier. The jury found that he was not suffering from
syphilis or any nervous disease. He was entitled to
recover for the full period of his disability. This find-

ing was probably based on instruction No. 2 given for defendant. There was absolutely no evidence upon which to base this instruction. The verdict was against all the legal evidence. 10 Ark. 309; 24 *Id.* 224; 34 *Id.* 632, 639, 640; 26 *Id.* 309; 102 *Id.* 137; 82 *Id.* 372; 70 *Id.* 385; 70 *Id.* 441; 96 *Id.* 614; 63 *Id.* 567-9; 79 *Id.* 375; 87 *Id.* 471; 88 *Id.* 454; *Ib.* 20, 25; 105 *Id.* 278; 89 *Id.* 279; 90 *Ib.* 104; 67 *Id.* 594; 69 *Id.* 134; 71 *Id.* 367.

3. A new trial should be granted on the ground of surprise and newly discovered evidence. 41 Ark. 229; 66 *Id.* 612, 620; 76 *Id.* 515, 519.

4. Where a soliciting agent writes false answers in the application, he prevents the company from taking advantage of the warranties in the policy. 65 Ark. 581; 25 S. E. 333; 36 Atl. 389; 98 Am. St. 532; 25 So. 869; 75 S. W. 180. It was error to refuse Mr. Reiff's testimony in rebuttal.

*R. M. Haines* of Iowa, General Counsel, *Charles Jacobson* and *C. A. Walls* for appellee.

1. There is no inconsistency in the verdict of the jury. The jury were not bound by mere opinion evidence. 21 Ark. 355. The burden was on appellant to establish both the injury and disability for the time, in weeks, sued for. This was a question of fact for the jury.

2. The jury allowed appellant more than, the evidence justified and he has no ground of complaint. But the finding of the jury, under our decisions, is conclusive, although the jury is not bound by the opinion of experts. 21 Ark. 355; 61 L. R. A. 462.

3. There was evidence to support the theory that disease, caused or contributed to the disability during a part of the period for which a recovery was asked. The burden was on appellant to show total and continuous disability. The instruction on that question states the law. The evidence sustains it.

4. Appellant announced ready for trial though advised of the claim of appellee that he was suffering from syphilis and there was no surprise.

5. The verdict cannot be impeached by affidavits of the jurors.

6. No issue as to waiver or estoppel was raised. 12 Ark. 769. The finding of the jury cures any error in the ruling. On the whole record the jury were permitted to determine the extent of the liability of defendant and its finding is conclusive.

SMITH, J. Appellant had a policy of accident insurance with the appellee insurance company, which contains the standard provision of such policies with reference to total disability. On October 1, 1914, while the policy was in effect, he was knocked down and run over by an automobile, and in his suit against appellee, which was based upon his policy, he alleged that he had not since been able to attend to his occupation as a bank cashier and was permanently disabled. The policy provided for liability for a period of not exceeding 200 weeks, and in his suit appellant sought to recover this compensation for a period of 66 weeks.

Several issues were raised by the pleadings which we need not now consider. Appellant's disability is conceded, but the cause of this disability is the decisive question in the case. Appellant claims that he is suffering from traumatic neurasthenia resulting from his injury; while appellee claims that appellant is suffering from syphilis which is the sole cause of his trouble.

Special interrogatories were submitted to the jury to which the following answers were made:

"1. Do you find that the plaintiff, prior to the date of his application, has suffered from mental or nervous trouble or syphilis? Answer: 'No.'

2. Do you find that the plaintiff at the date of his application was in sound health? Answer: 'Yes.'

3. How many weeks of total disability was sustained by plaintiff, due solely to the result of the injury sustained by him on October 1, 1914? Answer: '60 weeks.' "

Notwithstanding the fact that judgment was pronounced in appellant's favor for the indemnity provided by the policy for a period of 60 weeks, he has appealed from that judgment and asks the reversal of the judgment for the following reasons:

First: That the verdict of the jury is inconsistent, and is contrary to the evidence; that error was committed in giving instruction numbered 2; and that the jury did not comprehend the effect of their verdict, and did not intend to return the verdict rendered; and that a new trial should have been granted on account of surprise.

It is pointed out that appellee admits appellant's total disability, and that this condition has continued for a period of more than 60 weeks, and that appellant attributed his condition to his accident, while appellee says it results from syphilis, and it is argued that, as the jury has found that appellant did not have syphilis, he should have had judgment for the full period of disability and that a finding for a shorter period is contrary to the evidence. We cannot agree, however, that this conclusion must necessarily follow from the jury's verdict. It was alleged in the answer that appellant had entirely recovered from all the effects of his injury and that appellant's then condition was due to other causes. A Dr. Callahan testified that appellant was suffering from a disease which results in the hardening of the arteries and that the effect of this disease did not immediately appear, but came on gradually, growing constantly worse. We quote in part from his testimony the following statement:

"A.   I examined the heart, the wrist and the stomach.

Q.   Any sign of injury to the heart?

A.   No sir; the arteries were in a sclerotic condition.

Q.   What is that?

A.   · It is a hardening.

Q.   Is it akin to a disease known as atheroma?

A.   Yes sir.

Q.    It is the condition of the arteries becoming hard and losing their elasticity of movement?

.Q.    And you found the arteries in the body of this man to be hardened, did you?

A.    Some, not much.

Q.    Was that a general condition of all of the system?

A.    As far as I could perceive.

Q.    This is not caused by injury is it?

A.    No sir.

Q.    That would result in very serious loss of strength to that man?

A.    Yes sir.

Q.    Are you familiar with the vertebral arteries?

A.    Somewhat.

Q.    If the vertebral arteries were sclerosed what would be the effect on the brain?

A.    You would have a diminished blood supply.

Q.    What would be the effect?

A.    The mind would not be as active and possibly the co-ordination of the different muscles would be impaired.

Q.    By the word inco-ordination you mean inability to control muscular movements?

A.    Yes sir.

Q.    In other words he would be unable to put his foot where he wanted to?

A.    He would have trouble, probably, loss of control.

Q.    Would it result, or be likely to result, in a shambling gait?

A.    If he had loss of co-ordination it possibly would?"

This and other testimony of a similar nature furnishes some substantial basis for the finding that, while appellant's injury was the cause of his disability for the period of 60 weeks for which judgment was awarded, yet thereafter the disease, and not the injury, was responsible for the disability.

(1)   It is true the evidence of the experts who testified in the case tends to show that appellant's condition was due either to his injury or to syphilis. But the sharp and irreconcilable difference of opinion which is usually found in the testimony of expert witnesses is apparent here, and it was within the province of the jury to choose between these experts, or to discard the evidence of all of them, provided they do not act arbitrarily in so doing. *Tatum* v. *Mohr*, 21 Ark. 355; *Green* v. *State*, 64 Ark. 523; *Ark. S. W. Ry. Co.* v. *Wingfield*, 94 Ark. 75.

Out of the conflicting evidence the jury has found that appellant sustained an injury which was responsible for his disability for a period of 60 weeks, and that although the disability continued for a longer period, the injury was not responsible for it.

(2)   Appellant offered in evidence the affidavits of three jurors that they did not understand the effect of their verdict and that they did not intend to find for plaintiff for a shorter time than the time sued for, nor that his disability for the whole period of time for which he sued was not caused by his injury. Jurors are not permitted to thus impeach their verdicts. Considerations of public policy in the orderly administration of justice forbid the reception of evidence on the part of a juror, after the discharge of the jury and the separation of the jurors, that the particular juror did not understand and appreciate the effect of the verdict. Sec. 2423 Kirby's Digest; *St. L., I. M. & S. R. Co.* v. *Cantrell*, 37 Ark. 519; *Capps* v. *State*, 109 Ark. 193; *Griffith* v. *Mosley*, 70 Ark. 244.

(3)   Appellant pleads surprise by saying that his attorney had had a conversation over the telephone with one of the expert witnesses who testified in behalf of the insurance company, in which this witness then stated that he was not sure that appellant was suffering from syphilis, whereas, at the trial, the expert swore positively and definitely that appellant was suffering from syphilis, and that this disease was the cause of the trouble. This attorney testified that he thereafter

caused exhaustive tests to be made by another expert which demonstrated that appellant did not have syphilis.

The cause of appellant's trouble was the principal issue in the case, and there were several expert witnesses who testified in support of each theory and, as has been said, in direct conflict with each other. Assuming, however, that there was surprise in the testimony of the expert mentioned, and that had the attorney been correctly informed in advance as to what this expert would testify, other evidence, cumulative to that which appellant did in fact offer, would, and could, have been secured, yet we think no prejudice could have resulted on this account, because the jury expressly found the fact to be that appellant did not have syphilis.

(4) Appellant argues that the court erred in giving an instruction numbered 2 on the ground that it was abstract. This instruction related to the amount of the recovery or the time for which a recovery might be had, and it is said that it is abstract because a recovery should have been had for the whole time sued for if a recovery was permitted to stand at all. We have stated, however, that we do not accept this view of the evidence, and we cannot say that in limiting the recovery to a period of 60 weeks the jury has returned a verdict unsupported by the evidence.

Appellee strongly insists that the evidence does not sustain the finding for the 60 weeks, but it filed no motion for a new trial and has not prosecuted any cross-appeal, and this question is not, therefore, before us for our determination.

Finding no prejudicial error the judgment of the court below is affirmed.