### TURNER *v.* STATE.

#### Opinion delivered June 18, 1917.

1. LIQUOR—ILLEGAL SALE.—The evidence held sufficient to warrant a conviction for the illegal sale of liquor, the proof showing that cider sold by defendant contained from six to seven per cent. alcohol.

2. CRIMINAL LAW—FORMER ACQUITTAL.—A plea of former acquittal will not be sustained unless it affirmatively appears that the prosecution in the case where the plea is interposed is for the same offense as that for which the defendant has already been acquitted.

3. TRIAL—STATEMENT OF JUROR AFTER TRIAL.—The affidavit or statement of a juror made after the trial, is not competent to impeach a verdict in which he has joined.

Appeal from Lonoke Circuit Court; *Thomas C. Trimble,* Judge; affirmed.

*Trimble & Williams, J. B. Reed* and *Geo. M. Chapline,* for appellant.

1. The court erred in overruling the plea of former acquittal. It was a question for the jury. Kirby's Digest, §§ 2303-4-5; 23 Am. & Eng. Enc. Law (2 ed.), 571; 34 S. W. 753; 43 Ark. 374; 31 Mo. 197.

2. The court erred in giving additional instructions to the jury privately. Kirby's Digest, § 2395; Ferris & Rosskopf Instructions to Juries, § 95; *Mason* v. *State,* 127 Ark. 289.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1. The plea of former acquittal was a matter of law for the court and was properly overruled. It must af-

firmatively appear that the prosecution was for the same offense. 54 Ark. 227; 48 *Id.* 34; 45 *Id.* 97; 32 *Id.* 722. See also, 26 Ark. 260.

2. A juror can not be examined to establish a ground for a new trial, etc. Kirby's Digest, § 2423. The affidavit of the juror was incompetent. 59 Ark. 132; 67 *Id.* 266; 29 *Id.* 293.

HART, J. On the 10th day of February, 1917, the grand jury of Lonoke county returned an indictment against Charley Turner for unlawfully and feloniously selling cider containing alcoholic and intoxicating liquors. He was tried before a jury and convicted, his punishment being fixed by the jury at a period of one year in the State penitentiary. The case is here on appeal.

(1) The testimony on the part of the State tended to show that the sheriff of Lonoke county went to the place of business of the defendant in December, 1916, in Lonoke county, Arkansas, and bought from him two quarts of cider, paying therefor the sum of fifty cents. He took these bottles of cider to Little Rock to a chemist to be analyzed. The chemist testified that one of the bottles contained seven and eight-tenths per cent. alcohol and the other six per cent. alcohol; that the average beer contained three per cent. of alcohol and that a beverage containing that amount of alcohol was considered intoxicating. Several other witnesses testified that they had purchased cider from the defendant at his store in Lonoke county, Arkansas, during the latter part of the summer and during the fall of 1916; that they drank the cider and it made them drunk.

On the other hand the defendant denied having sold any cider that contained alcohol and stated that the persons who got drunk had purchased cider from him and mixed with it alcohol they had obtained elsewhere. Other witnesses were introduced by the defendant whose testimony tended to corroborate his statements and to show that he had not been engaged in the sale of cider which contained any appreciable amount of alcohol. The jury were the judges of the credibility of the witnesses and

the testimony for the State was legally sufficient to warrant the verdict.

(2)    It is next contended by counsel for the defendant that the court erred in overruling his plea of former acquittal.  The defendant offered in evidence to sustain his plea of former acquittal the following agreed statement of facts:  On the 9th day of February, 1917, the grand jury of Lonoke county returned in open court an indictment against the defendant in which it is charged that in October, 1916, he was guilty of selling one quart of alcohol and intoxicating liquors; that upon this indictment the name of M. A. Marshall appeared as a witness; that on the 10th day of February, 1917, the grand jury returned an indictment against him for selling intoxicating liquors and that M. Phelps and ''Preacher Evans'' were named as witnesses; that on the 27th day of February, 1917, the defendant was tried under indictment numbered 1750, being the indictment returned on the 9th day of February, 1917, and was acquitted; that the prosecuting attorney elected to prosecute him on the said charge upon a sale made to M. A. Marshall; that the State was permitted to prove the sale of the cider by the defendant to other persons than M. A. Marshall and that the cider sold to them contained alcohol in sufficient quantities to make it intoxicating; that the jury were told under the instructions of the court that it could not convict the defendant of any other offense except the sale to M. A. Marshall and that the testimony of the other sales should be considered simply as a circumstance to show whether or not the cider sold to M. A. Marshall was intoxicating or contained alcohol, and as to whether or not he was selling cider which was intoxicating; that the defendant had objected at that trial to the evidence on the part of the State showing the sale to other parties except M. A. Marshall. The court refused to allow the defendant to introduce his plea of former acquittal in evidence before the jury. The defendant duly saved his exceptions to the ruling of the court.

The court did not err in its ruling in this regard. It is true the state, having elected to prosecute the defendant for selling to M. A. Marshall could not, under that indictment, prosecute him for selling to any other person. It could not prove that he had made sales to other persons in aid of its proof that the defendant was guilty of selling to M. A. Marshall, an offense for which he was being prosecuted. The court however did not admit the evidence of sales to other persons for either of these objects, but solely for the purpose of showing that the cider sold to the witnesses was the same kind of cider that was sold to M. A. Marshall and would produce intoxication. It was a disputed question of fact as to whether the cider sold to M. A. Marshall was intoxicating and it was admissible as tending to show that it was intoxicating and to show that other cider bought at the same place produced intoxication upon those who drank it. *Devine* v. *Commonwealth,* 107 Va. 860, 13 A. & E. Ann. Cas. 361. It may be stated here that it would perhaps have been better to have asked such witnesses what effect the cider had upon them without proving that the accused had sold it to them. The agreed statement of facts, however, shows that the prosecution of the defendant in that case was for selling cider containing alcohol or intoxicating liquors to M. A. Marshall and that his sales to other persons was not an issue in that case. Hence the defendant's plea of former acquittal in that case could not have availed him as a defense to the prosecution in the present case. A plea of former acquittal will not be sustained unless it affirmatively appears that the prosecution in the case where the plea is interposed is for the same offense as that for which the defendant has already been acquitted. *Evans* v. *State,* 54 Ark. 227; *State* v. *Blayhut,* 48 Ark. 34.

(3)  The next contention of counsel for defendant is that the court erred in giving an additional instruction to one of the jurors privately. Owen Dansby, one of the jurors, made an affidavit that after the jury had returned into court and reported that they were unable to agree on the verdict, that he stepped up to the presiding judge

and in a low tone of voice asked if they could give the defendant a lighter punishment in case the jury returned a verdict of guilty; that the court remarked that this could not be done; that the least punishment was for one year and that if the jury should convict the defendant his case would be in the hands of the Governor.

In regard to this alleged error it is only necessary to say that it is well settled in this State that the affidavit of a juror or evidence of statements made after the trial by a juror is not competent to impeach a verdict in which he has joined. *Capps* v. *State,* 109 Ark. 193; *E. O. Barnett Bros.* v. *Western Assurance Co.,* 126 Ark. 562, and *Reiff* v. *Interstate Business Men's Accident Assn. of Des Moines, Iowa,* 192 S. W. 216, 127 Ark. 254. It follows that the judgment must be affirmed.