BAILEY *v.* STEWART.

5-2897                                              364 S. W. 2d 662

Opinion delivered February 11, 1963.

*Williams & Gardner,* for appellant.

*Jeff Mobley,* for appellee.

GEORGE ROSE SMITH, J. This is an action by Mr. and Mrs. John L. Stewart to recover damages for personal injuries suffered by Stewart in a traffic accident and for the ensuing loss of consortium suffered by his wife. The defendant Bailey appeals from a judgment, entered upon a jury verdict, awarding $10,000 to the husband and $1,000 to the wife. The appellant questions the sufficiency of the evidence and the amount of each award.

It is first contended that Bailey was entitled to a directed verdict, for the reason that Stewart's injuries were caused solely by the negligence of a third person, Jimmy F. Cossey. We think the court was right in submitting the case to the jury, whose verdict found Bailey and Cossey to be joint tortfeasors, with 50 per cent of the total negligence being attributed to each of them.

The accident happened on a November afternoon near a drive-in cafe in Dardanelle, where Stewart was standing outside a window provided for take-out purchases. Cossey, driving a car owned by Don Duvall, and Bailey, driving his two-ton truck, were approaching the vicinity of the cafe from opposite directions. Cossey attempted to turn left, across Bailey's traffic lane, to enter the cafe parking area. Cossey testified that he signaled his intention to turn, with his arm and with his signal light, and that he thought he could turn safely in front of the truck, which was still some distance away. In this thought Cossey proved to be mistaken. Bailey's truck, after laying down 42 feet of skid marks, struck the righthand side of Cossey's car, which had almost completely left the street, and knocked it with great force against a parked truck. The latter vehicle rolled forward and pinned Stewart to the wall of the cafe, causing serious and painful injuries to both his legs.

We think it plain that the issue of Bailey's negligence involved a question of fact for the jury. Bailey testified that Cossey did not give a signal of any kind. The jury could have found, however, that the signal was actually given and that consequently Bailey was guilty of negligence in failing to observe it and thereby avoid the collision.

We do not consider Mrs. Stewart's $1,000 judgment to be excessive. A wife's right to recover for loss of consortium was recognized by our decision in *Missouri Pacific Transp. Co.* v. *Miller,* 227 Ark. 351, 299 S. W. 2d 41. Stewart was 36 years old at the time of his injury. He was confined to a hospital for eleven days and to his home for six weeks. During much of this time he was

completely helpless, lying in bed with at first both legs and later one leg suspended in the air in a cast. Mrs. Stewart acted in the home as her husband's nurse, giving up her job to be with him constantly and to attend to all his physical needs. It was about six months before Stewart was able to walk without crutches. In the circumstances it cannot be said that the verdict for Mrs. Stewart is so excessive as to require a reduction in this court.

This brings us to the principal question in the case: Did the trial judge, in entering a judgment in favor of Stewart for $10,000, correctly interpret the jury's answer to a special interrogatory upon the subject of Stewart's damages? The appellant contends that the award should have been credited with a settlement of $9,000 that Stewart had received from Cossey and Duvall, leaving a net liability against Bailey of only $1,000.

Bailey, the original defendant, brought Cossey and Duvall into the case as third party defendants. They pleaded, and subsequently proved, that they had extinguished their liability by the payment of $9,000 to Mr. and Mrs. Stewart. The release which the Stewarts executed, and which was introduced at the trial, recited that it was intended to conform to the Uniform Contribution Among Joint Tortfeasors Act and to relieve Cossey and Duvall from any liability for contribution. Ark. Stats. 1947, § 34-1005, was referred to in the release.

The trial judge, in instructing the jury, explained that the Stewarts' execution of the release did not relieve Bailey from liability, but the court did not indicate to the jury whether or not Bailey was entitled to benefit by the $9,000 compromise settlement. Instead, the trial judge told the jury that he would be able to enter a proper judgment if the jurors answered certain interrogatories, among which the following (with the jury's answers) are pertinent to this appeal:

"1. Do you find from a preponderance of the evidence that the plaintiff, John L. Stewart, is entitled to

recover damages in this action from the defendant, John M. Bailey?

"Yes.

"2. If your answer to the above question is 'Yes' then answer this question:

"What do you find from the evidence, if any, to be the actual damages sustained by the plaintiff, John L. Stewart, if any, without reference to the amount of payment in settlement as made by Jimmy F. Cossey and Don D. Duvall?

"$10,000.00

(Insert actual damages, if any)"

Before the court entered judgment upon the verdict the Stewarts' attorney filed a motion asking that Stewart be given judgment for the full $10,000, or, in the alternative, that he be granted a new trial owing to the jury's mistake. With this motion counsel tendered an affidavit, signed by the jurors, stating that the jury had intended for the $10,000 award to be in addition to the $9,000 settlement. The parties submitted briefs upon Stewart's motion. The trial court, citing *Giem* v. *Williams*, 215 Ark. 705, 222 S. W. 2d 800, and *Walton* v. *Tull*, 234 Ark. 882, 356 S. W. 2d 20, held that Stewart was entitled to judgment for the entire $10,000, without any credit being given for the $9,000 settlement.

We lay aside, as did the circuit judge, the jurors' affidavit. Such an attempt to explain the verdict is incompetent, for reasons of public policy, and should not have been made. *Reiff* v. *Interstate Business Men's Acc. Assn.*, 127 Ark. 254, 192 S. W. 216.

The *Giem* case and the *Walton* case, relied upon by the trial judge, do not quite reach the point at issue. In the former we held that where the jury had been informed of a compromise payment made by another tortfeasor its amount should not have been subtracted from the verdict, as the jury had already taken it into consideration. In the *Walton* case we indicated (and later

declared, after the trial below, in *Woodard* v. *Holliday,* 235 Ark. 744, 361 S. W. 2d 744) that such a deduction would be proper where the jury had not been told about the settlement made by the other tortfeasor.

Those cases would be controlling if it were not for the fact that here the pivotal question was explicitly submitted to the jury by the court's interrogatories. The court asked the jury, by the interrogatory we have quoted: "What do you find ... to be the actual damages sustained by the plaintiff, John L. Stewart, if any, *without reference to the amount of payment in settlement as made by Jimmy F. Cossey and Don D. Duvall?"*

We cannot construe the clause that we have italicized as being the equivalent of saying *"after first having deducted"* the amount of the Cossey-Duvall payment. In fact, the actual statement and the one we have just suggested are diametrically opposite. We find it impossible to hold that a finding of the actual damages "without reference" to the amount of a compromise settlement is in effect a finding of those damages after the amount of the settlement has been taken into account.

The appellant asks that we end this litigation by reducing Stewart's judgment to $1,000. We are not convinced that justice would be achieved by that course. The Stewarts' post-trial motion asked for judgment in the full amount of the verdict *or* for a new trial. The circuit judge erroneously entered judgment for the full amount. Had he rejected that part of the movants' prayer he might still have granted a new trial upon the ground that a net award of $1,000 damages to Stewart (the amount of the verdict less the amount of the settlement) would have been against the weight of the evidence. *Oliver* v. *State,* 34 Ark. 632; *Bockman* v. *World Ins. Co.,* 222 Ark. 877, 263 S. W. 2d 486. The fact that the trial judge actually entered a judgment for the full $10,000 strongly indicates that he would not have regarded a $1,000 recovery as representing everything that Stewart was entitled to. In this situation the only fair course is to grant Stewart's alternative prayer for a new trial.

The judgment in favor of Stewart is reversed, and, unless he elects within seventeen days to accept a judgment for $1,000 in accordance with the verdict, the cause will be remanded for a new trial.