BAILEY *v.* STEWART.

5-3377                                              385 S. W. 2d 20

Opinion delivered November 23, 1964.

[Rehearing denied January 11, 1965.]

*Williams & Gardner,* for appellant.

*Jeff Mobley* and *William R. Bullock,* for appellee.

ED. F. McFADDIN, Associate Justice. This is the second time this case has been to this Court. The opinion in the first appeal (*Bailey* v. *Stewart,* 236 Ark. 80, 364 S. W. 2d 662) identifies the parties and issues, and contains this paragraph which gives the factual background:

"The accident happened on a November afternoon near a drive-in cafe in Dardanelle, where Stewart was standing outside a window provided for take-out purchases. Cossey, driving a car owned by Don Duvall, and Bailey, driving his two-ton truck, were approaching the vicinity of the cafe from opposite directions. Cossey attempted to turn left, across Bailey's traffic lane, to enter the cafe parking area. Cossey testified that he signaled his intention to turn, with his arm and with his

signal light, and that he thought he could turn safely in front of the truck, which was still some distance away. In this thought Cossey proved to be mistaken. Bailey's truck, after laying down 42 feet of skid marks, struck the righthand side of Cossey's car, which had almost completely left the street, and knocked it with great force against a parked truck. The latter vehicle rolled forward and pinned Stewart to the wall of the cafe, causing serious and painful injuries to both his legs.''

Stewart had sued Bailey after settling with Cossey, the alleged joint tortfeasor; and on the first trial the verdict rendered for Stewart left it uncertain as to whether the jury intended Stewart to receive $9,000.00 from Bailey or only $1,000.00. In keeping with our opinion on the first appeal, when Mr. Stewart did not elect to accept $1,000.00, the cause was remanded for a new trial; and on the new trial (from which comes this appeal) the case was submitted to the jury on interrogatories. We now copy the said interrogatories and the answers made by the jury to each:

''INTERROGATORY NO. 1. Do you find, from a preponderance of the evidence in the case, that the defendants, John M. Bailey, was guilty of negligence in the operation of his truck and that such negligence, if any, was the proximate cause of plaintiff's injuries?

''ANSWER: YES.

''INTERROGATORY NO. 2. Do you find, from a preponderance of the evidence in the case, that the third-party defendant, Jimmy F. Cossey, was guilty of negligence in the operation of his car and that such negligence, if any, was a proximate cause of plaintiff's injuries?

''ANSWER: YES.

''INTERROGATORY NO. 3. If your answers to Interrogatories 1 and 2 are 'YES', then answer this question: Using 100% to represent the total negligence involved in the accident, what percentage of negligence do you find attributable to each of the following parties?

"John M. Bailey?

"ANSWER: 50%.

"Jimmy F. Cossey?

"ANSWER: 50%.

"INTERROGATORY NO. 4.

"1. Do you find from a preponderance of the evidence that the Plaintiff, John L. Stewart, is entitled to recover damages in this action from the defendants, John M. Bailey and Jimmy F. Cossey?

"ANSWER: YES.

"2. If your answer to the above question is 'YES' then answer this question: What do you find from the evidence, if any, to be the actual damages sustained by the plaintiff, John L. Stewart, if any?

"ANSWER: $24,000.00.

"3. The jury will reduce the total amount of actual damages awarded, if any, by $9,000.00, heretofore paid plaintiff, John L. Stewart, by third-party defendants, Jimmy F. Cossey and Don D. Duvall, as follows: Total amount of actual damages as shown above:

"ANSWER: $24,000.00.

"Less amount heretofore paid plaintiff, John L. Stewart, by third-party defendants . . . $9,000.00.

"Total damages due plaintiff, John L. Stewart:

"ANSWER: $15,000.00."

Based on the above answers the Circuit Court rendered judgment for Stewart and against Bailey for $12,000.00; and Bailey appeals, urging three points:

"1. The verdict of the jury is inconsistent and so confusing that it is impossible to determine the amount of its award.

"2. The verdict of the jury was excessive and unsupported by the evidence.

"3. There is no substantial evidence to support the jury's verdict and it should now be reversed and dismissed."

We consider the points in the order listed.

I. In his first assignment appellant claims that there is an inconsistency in the jury verdict and points to part 3 of Interrogatory No. 4 as demonstrating the inconsistency. We find no merit in this assignment. When the Trial Court submitted the said part 3 of Interrogatory No. 4 to the jury, the Court had typewritten into the interrogatory: 'Less amount heretofore paid plaintiff, John L. Stewart, by third-party defendants . . . $9,000.00.' So the jury wrote '$24,000.00' on the first line, and '$15,000.00' on the third line. Thus, the jury clearly indicated that Stewart was damaged a total of $24,000.00 and had received $9,000.00 from the third-party defendants and would still be entitled to receive a balance of $15,000.00 except for the settlement with the third-party defendants. The Trial Court, in framing this interrogatory, was taking every precaution to avoid the uncertainty which caused the reversal on the first appeal. But when the Trial Court entered judgment on the interrogatories, the Court properly entered judgment against Bailey for only $12,000.00. This was true because: (a) Stewart was damaged a total of $24,000.00; and (b) Stewart's release to Cossey had provided that its effect should be to reduce the damages recoverable against any other person to the extent of Cossey's pro rata share of the responsibility, thereby relieving Cossey of any liability for contribution in accordance with Ark. Stat. Ann. § 34-1005 (Repl. 1962), which was actually cited in the release. Hence when Cossey was found to have been 50% negligent the effect of the release was to reduce Stewart's recoverable damages against Bailey by 50% of the total, leaving a liability of only $12,000.00. The interrogatories and answers were clear; and the Court rendered the correct judgment on the interrogatories.

II. In his second assignment the appellant argues that the verdict of the jury was excessive and unsup-

·ported by evidence. We find no merit in this assignment. Mr. Stewart was 36 years of age at the time of his injuries, He was confined to a hospital for eleven days and to his home for six weeks. During much of the time he was completely helpless. His medical expenses to date of trial were $928.95; he lost earnings in the amount of $1,520.00; and he suffered pain. He is still unable to do full work and is partially disabled for life. One of the doctors testified that at the time of the present trial Mr. Stewart was still limping, that he had a slight tilting of the back and pelvis to the right, an apparent shortening of the right leg, and changes in the joints of the lower lumbar and lumbo sacral joint of the back, which were the result of traumatic arthritis. The doctor testified that these changes would probably increase with the years; that traumatic arthritis has a tendency to progress and is crippling and disabling; and that Mr. Stewart now has a disability of about 25% to his left lower extremities. Also the doctor testified that there was a disk condition resulting from the injury which would make Mr. Stewart prone to herniation. We cannot say that the verdict was excessive in the light of the evidence offered.

III. In his third point appellant insists that there is no substantial evidence to support the jury's verdict and that the cause should be reversed and dismissed. From what we have already stated it is apparent that there is sufficient evidence to support the amount of the verdict, so this assignment goes to the question of whether there is any evidence to show that Mr. Bailey was guilty of negligence. This point was fully covered on the first appeal and the appellant is precluded by the *law of the case* from again urging this point. In the opinion on the first appeal, we said:

"We think it plain that the issue of Bailey's negligence involved a question of fact for the jury. Bailey testified that Cossey did not give a signal of any kind. The jury could have found, however, that the signal was actually given and that consequently Bailey was guilty

of negligence in failing to observe it and thereby avoid the collision.''

On the present trial the evidence as regards negligence was practically the same as the evidence offered on the first trial; and on the first appeal we held that the question of negligence was for the jury. Under the rule of ''law of the case'' the appellant is precluded from rearguing the point decided on the first appeal. In *Ford Motor Co.* v. *Fish,* 233 Ark. 634, 346 S. W. 2d 469, we said:

''In *Hallum* v. *Blackford,* 202 Ark. 544, 151 S. W. 2d 82, it was insisted that the Court should have directed a verdict. But we pointed out that we had denied that contention on the first appeal and that the plaintiff's evidence on the second trial was the same as on the first trial; and we said: 'Under the rule many times announced by this Court, the decision on the former appeal becomes the law of the case on this appeal unless we can say that the testimony on this second appeal is substantially different from that on the first appeal. We think it unnecessary to attempt to set out or abstract the testimony presented in this record. Suffice it to say, that after carefully reviewing it and comparing it with the· testimony on the first trial, we find no substantial or material difference.' In *Missouri Pacific R. R. Co.* v. *Foreman,* 196 Ark. 636, 119 S. W. 2d 747, Mr. Justice Donham cited sources of cases on the rule of 'law of the case', and concluded with this language: 'We hold that, since the question as to whether or not the evidence was sufficient to go to the jury in the instant case was settled by this court on the former appeal, there was no error committed by the lower court in submitting the case to the jury on the second trial.' ''

Finding no error, the judgment is in all things affirmed.