**Joseph SAINATO and Patricia Sainato, Husband and Wife, Plaintiffs,**

v.

**Robert A. SWERDLOW, Defendant and Third Party Plaintiff,**

v.

**Anne Terrell TODD, Third Party Defendant.**

No. F-73-C-59.

United States District Court,
W. D. Arkansas,
Fayetteville Division.

April 10, 1974.

———◆———

Bobby L. Odom of Niblock, Hipp & Odom, Fayetteville, Ark., for plaintiffs.

Thomas Pearson of Pearson & Pearson, Fayetteville, Ark., E. C. Gilbreath of Jones, Gilbreath & Jones, Fort Smith, Ark., for third party defendant.

## MEMORANDUM AND ORDER

JOHN E. MILLER, Senior District Judge.

On April 2, 1974, this court, upon consideration of the motion of third-party defendant, Anne Terrell Todd, for summary judgment entered an order sustaining the motion and dismissing the third-party complaint of Robert A. Swerdlow.

On April 8, 1974, the third-party plaintiff filed his motion to reconsider, rehear and amend the judgment of April 2, 1974. In the motion the third-party plaintiff alleged that the third-party defendant, Anne Terrell Todd, should remain as a party in the basic proceeding in order that the rights of all the parties and the rights between the third-party plaintiff, Robert A. Swerdlow, and the third-party defendant, Anne Terrell Todd, be determined concurrently with the original and basic proceeding; and that the percentage or proportion of fault, if any, of each should be determined in the present proceeding and thus avoid subsequent and multiple litigation.

This case was originally assigned to the regular Judge of this court, but had not been heard when the third-party defendant, Anne Terrell Todd, filed her motion for summary judgment supported by brief. The case was then assigned and accepted by the writer for trial or other disposition, and the motion for summary judgment was immediately taken under consideration. The defendant had prior to that time submitted his brief in opposition to the motion for summary judgment, but when the case was assigned to the writer the brief was not in the Clerk's file nor was it in the file of the original Judge, but was later found in that office, and this court, of course, did not consider the defendant's brief when it entered the order of April 2, 1974. The court now has the original brief of third-party plaintiff and his brief in support of the present motion,

together with brief of third-party defendant in opposition to the present motion and has again considered the entire record and the contentions of all parties.

On March 17, 1953, this court in the case of Schott v. Colonial Banking Co., 111 F.Supp. 13, considered whether a third-party defendant who had been released by the plaintiff should be retained in the case for the purpose of determining the amount of the other joint tortfeasor's, or defendant in this case, right of contribution, and held that the third-party defendant, although released from any claim of plaintiff, should be retained as a party. See, Giem v. Williams, Admr. (1949) 215 Ark. 705, 222 S.W.2d 800.

The fact that the plaintiffs have no claim against the third-party defendant does not change or modify the right of the third-party plaintiff to retain the third-party defendant in the court for the purpose of determining the possible pro rata liability on the common liability.

The Supreme Court of Arkansas considered the questions involved herein in the case of Bailey v. Stewart (1963) 236 Ark. 80, 364 S.W.2d 662, and in the case of Bailey v. Stewart (1964) 238 Ark. 666, 385 S.W.2d 20. The first case was reversed and remanded, and the trial court upon remand submitted the case to the jury on interrogatories. In the answers to Interrogatories 1 and 2 the jury found that both the original defendant and third-party defendant, Jimmy Cossey were both guilty of negligence which was a proximate cause of the injuries suffered by plaintiff. In answer to Interrogatory No. 3 the jury found that the defendant Bailey and the third-party defendant Cossey were each 50 percent negligent, and in part 2 of Interrogatory 4, the jury found that the actual damages sustained by the plaintiff was $24,000. The court then proceeded to discuss part 3 of Interrogatory 4 and held:

"When the Trial Court submitted the said part 3 of Interrogatory No. 4 to the jury, the Court had typewritten into the interrogatory: 'Less amount heretofore paid plaintiff, John L. Stewart, by third-party defendants . . . $9,000.00.' So the jury wrote '$24,000.00' on the first line, and '$15,000.00' on the third line. Thus, the jury clearly indicated that Stewart was damaged a total of $24,000.00 and had received $9,000.00 from the third-party defendants and would still be entitled to receive a balance of $15,000.00 except for the settlement with the third-party defendants. The Trial Court, in framing this interrogatory, was taking every precaution to avoid the uncertainty which caused the reversal on the first appeal. But when the Trial Court entered judgment on the interrogatories, the Court properly entered judgment against Bailey for only $12,000.00. This was true because: (a) Stewart was damaged a total of $24,000.00; and (b) Stewart's release to Cossey had provided that its effect should be to reduce the damages recoverable against any other person to the extent of Cossey's pro rata share of the responsibility, thereby relieving Cossey of any liability for contribution in accordance with Ark.Stat.Ann. § 34–1005 (Repl.1962), which was actually cited in the release. Hence when Cossey was found to have been 50% negligent the effect of the release was to reduce Stewart's recoverable damages against Bailey by 50% of the total, leaving a liability of only $12,000.00. The interrogatories and answers were clear; and the Court rendered the correct judgment on the interrogatories."

See also, Woodard v. Holliday (1962) 235 Ark. 744, 361 S.W.2d 744.

Upon a reconsideration of the order of April 2, 1974, the court is convinced that it erred in directing that the third-party complaint of the third-party plaintiff

should be dismissed against the third-party defendant.

The last paragraph of the judgment of April 2, 1974, should be stricken, set aside and held for naught, and the following inserted in lieu thereof as the judgment of the court:

"It is, therefore, ordered and adjudged that the motion for summary judgment of the third-party defendant, Anne Terrell Todd, be and is sustained and the said third-party defendant is released of all liability to the plaintiffs.

"It is further ordered and adjudged that the motion of third-party plaintiff to amend said judgment should be granted and his claim against the third-party defendant for contribution should remain in the case and be determined after trial in accordance with the facts developed therein and in accordance with the formula announced in Bailey v. Stewart, 238 Ark. 666, 385 S.W.2d 20."