Linda and Randy ARHART, Appellants,

v.

MICRO SWITCH MANUFACTURING
COMPANY, A DIVISION OF
HONEYWELL, INC., Appellee.

No. 86–1002.

United States Court of Appeals,
Eighth Circuit.

Submitted June 13, 1986.

Decided Aug. 5, 1986.

Rehearing Denied Sept. 4, 1986.

John B. Greer, III, Texarkana, Tex., for appellants.

E.L. Merriman, Longview, Tex., for appellee.

Before HEANEY and WOLLMAN, Circuit Judges, and BATTEY,* District Judge.

BATTEY, District Judge.

## I. NATURE OF CASE

The plaintiffs Linda and Randy Arhart appeal from entry of judgment on a take-nothing jury verdict in a products liability action. Jurisdiction is based on diversity, 28 U.S.C. § 1332.

* The HONORABLE RICHARD H. BATTEY, United States District Judge for the District of South Dakota, sitting by designation.

The plaintiffs appeal from the district court's[1] method of treatment of the settling tortfeasors and the instructions to the jury given during the course of and at the conclusion of the trial. During the trial the court advised the jury of the fact that two joint tortfeasors had settled the plaintiffs' claim. The amount and terms of the settlement were not revealed to the jury. Plaintiffs claim error in that the trial court (1) should have advised the jury of the terms of the settlement; and (2) should have submitted the issue of the negligence and liability of all defendants on special interrogatories and required an apportionment of fault.

For the reasons set forth herein we affirm.

## II. FACTS

The plaintiff Linda Arhart suffered a traumatic amputation of her right arm in an industrial accident. She and her husband, Randy Arhart, brought a products liability action against three defendants: Custom Stainless Equipment Company, Inc., Weiler East, Inc., and Micro Switch Manufacturing Company, a division of Honeywell, Inc. The defendants by way of cross claims sought indemnity and contribution under the Arkansas Uniform Contribution Among Tortfeasors Act.

1. The Honorable Elsijane Trimble Roy, United States District Judge for the Western District of Arkansas, presiding.

2. THE COURT: I have an announcement to make to the jury. During the recess this morning, the issues have now been resolved between the plaintiffs and defendants Custom Stainless Equipment Company and Weiler-East, Inc. These issues have been settled and you are not to concern yourself any longer with them. The case will proceed to trial with the plaintiffs now bringing the action against Micro Switch Manufacturing Company.

And, with that statement, we are now ready to proceed with the plaintiff's evidence.

I will excuse the lawyers for the other parties. We thank you for your attendance here and it will no longer be necessary for you to remain, and you are now excused.

During the trial the plaintiffs entered into a settlement agreement with the defendants Custom Stainless Equipment Company, Inc., and Weiler East, Inc., the terms of which provided *inter alia* that the plaintiffs receive the sum of $465,000. While the settlement discharged the plaintiffs' claim against the settling defendants, the cross claim for contribution and indemnity filed by the nonsettling defendant Micro Switch remained unaffected.

After advising the court of the settlement, Micro Switch requested the court to advise the jury that a settlement had been reached. The plaintiffs requested that the court advise the jury the exact amount of the settlement. The court instructed the jury of the fact of settlement, but denied the plaintiffs' request to present the settlement terms to the jury. The court advised the jury that the issues had been resolved between the plaintiffs and defendants Custom Stainless Equipment Company and Weiler-East, Inc., and accordingly the jury was not to be concerned any longer with the settling defendants. The jury was then advised that the case would proceed to trial with the plaintiffs bringing the action against Micro Switch Manufacturing Company. Counsel for the settling defendants then left the courtroom.[2]

After all the evidence had been received, the court gave general instruction 24–A as to negligence and comparative negligence.[3]

3. INSTRUCTION NO. 24A

If you should find that the occurrence was proximately caused by negligence on the part of defendant Micro Switch and not by negligence on the part of plaintiff Linda Arhart, then plaintiff is entitled to recover the full amount of any damages you may find she has sustained as a result of this occurrence.

If you should find that the occurrence was proximately caused by negligence of both plaintiff and defendant, then you must compare the percentages of their negligence.

If the negligence of plaintiff is of less degree than the negligence of the defendant, then plaintiff is entitled to recover any damages which you may find she has sustained as a result of the occurrence after you have reduced them in proportion to the degree of her own negligence.

On the other hand, if defendant was not negligent or if the negligence of plaintiff is equal to or greater in degree than the negli-

It was the court's intention to require the jury to deliberate further on the issue of contribution as between Micro Switch and the settling defendants if the jury returned a verdict against Micro Switch.

The plaintiffs objected [4] to the court's method of submitting the case and offered a set of interrogatories which would allow the jury to determine issues of negligence and contribution among all settling and nonsettling defendants.[5]

Utilizing this procedure the return of a take-nothing verdict obviated the necessity of the bifurcated procedure contemplated by the court.

gence of defendant, then plaintiff is not entitled to recover any damages.

4.  MR. GREER: Let me go back to 24-A. And, in this regard, the plaintiff objects to the manner of the Court's submission to the jury in general; and that the Court, as we understand it, is going to ask the jury to find liability as between Linda Arhart and Micro Switch, and then subsequently send the jury another set of instructions asking them to apportion the negligence between Custom Stainless, Micro Switch and Weiler-East. And that, in essence, allows the defendant two bites at the apple, because the jury, for example, should they determine that Micro Switch in the first inquiry was 70 percent at fault and that Linda Arhart was 30 percent at fault, they would be instructed by the Court to deduct 30 percent from Linda Arhart's recovery, then they would be sent back out by the Court and asked of the 70 percent they found against Micro Switch to whittle that sum down in a second deliberation by some unknown figure that they find for these other defendants. And that unduly prejudices the plaintiffs' case. And, if the Court is going to submit an apportionment, then the Court ought to do it all at one time rather than allowing the jury to affix a percentage in their mind as against Micro Switch and then asking them, in essence, to look that over one more time.

And we have prepared and will tender to the Court a proposed set of interrogatories that would have that submission in it, and we would tender those.

5.  Plaintiff's proposed interrogatories were as follows:

INTERROGATORY NO. 1

Do you find from a preponderance of the evidence that Micro Switch was guilty of negligence which was a proximate cause of the occurrence?

Answer: _____

INTERROGATORY NO. 2

Do you find from a preponderance of the evidence that Custom Stainless Equipment

## III.  ANALYSIS

This case involves the application of the Uniform Contribution Among Tortfeasors Act adopted by Ark.Stat. §§ 34–1001—34–1009 as between settling and nonsettling tortfeasors. At issue is whether a court after advising the jury of the fact of settlement during the course of trial by one or more joint tortfeasors should also advise the jury of the amount of such settlement.

Under this act the right of contribution exists among joint tortfeasors. Ark.Stat. § 34–1002.[6] Further, it is contemplated that each tortfeasor will be credited with

Company was guilty of negligence which was a proximate cause of the occurrence?

Answer: _____

INTERROGATORY NO. 3

Do you find from a preponderance of the evidence that Weiler-East, Inc. was guilty of negligence which was a proximate cause of the occurrence?

Answer: _____

INTERROGATORY NO. 4

Do you find from a preponderance of the evidence that Linda Arhart was guilty of negligence which was a proximate cause of any damages which she may have sustained?

INTERROGATORY NO. 5

Using 100% to represent the total responsibility for the occurrence and any injuries or damages resulting from it, apportion the responsibility between the parties whom you have found to be at fault.

Answer: Micro Switch _____ %
        Custom Stainless _____ %
        Weiler-East, Inc. _____ %
        Linda Arhart _____ %

INTERROGATORY NO. 6

State the amount of damages you find from a preponderance of the evidence were sustained by Linda Arhart as a result of the occurrence:

Answer: $_____

INTERROGATORY NO. 7

State the amount of any damages you find from a preponderance of the evidence were sustained by Randy Arhart as a result of the occurrence:

Answer: $_____

6.  Ark.Stat. § 34–1002 states:

34–1002. Right of contribution—Accrual—Pro rata share.—(1) The right of contribution exists among joint tortfeasors.

(2) A joint tortfeasor is not entitled to a money judgment for contribution until he has by payment discharged the common liability

amounts paid by other joint tortfeasors, Ark.Stat. § 34–1004, but the statute is silent about how the matter is to be handled. *Walton v. Tull*, 234 Ark. 882, 356 S.W.2d 20, 25 (1962).

The case authority in Arkansas has generally approved different approaches to the treatment of settling and nonsettling tortfeasors.

One approach is to submit both the fact and the amount of the settlement to the jury. *Giem v. Williams*, 215 Ark. 705, 222 S.W.2d 800 (1949). In *Giem* the court held that where the jury had been informed of the amount of a compromise payment made by another tortfeasor, its amount should not have been subtracted from the verdict as the jury had already taken it into consideration. The jury was advised of the fact a tortfeasor had paid the plaintiff $4,000 in settlement. The court held that a returned verdict of $8,950 would have reflected this payment of $4,000 and to further reduce the verdict would be to apply the allowance twice. The settling tortfeasor had not been made a third party defendant. The remaining defendant elected to proceed under § 34–1004 Ark.Stat.[7]

In *Walton, supra*, the court held that such a deduction would be proper where the jury had not been told about the settlement made by the other tortfeasors. The court cited the editors of 9 U.L.A. 242 with approval to the effect that the method of letting the jury apply the prior payments in reduction of its verdict is less satisfactory than the method of letting the court credit the payment upon the final judgment. The *Walton* court in discussing *Giem* stated, "We did not hold that the procedure to advise the jury of the amount of settlement to be proper in all cases." *Walton* at 25.

*Woodard v. Holliday*, 235 Ark. 744, 361 S.W.2d 744 (1962) was decided eight months after *Walton*. In *Woodard* the trial court ordered that a sum paid by a settling tortfeasor should be credited upon the amount of the verdict of the jury. The jury had not been told of the settlement which took place prior to trial.

Again, applying Ark.Stat. § 34–1004, the *Woodard* court found no error in the procedure utilized by the trial court. The Court reasoned that since the jury had no knowledge of the settlement it therefore assessed all damages and under the statute the court must reduce the verdict by the extent of the settlement.

Another method of treating settling tortfeasors occurred in *Bailey v. Stewart*, 236 Ark. 80, 364 S.W.2d 662 (1963) where the third party defendants settled prior to trial by payment of $9,000 to the plaintiffs. The release was introduced at the trial, thus informing the jury of both the fact and amount of settlement. The trial judge instructed the jury that the release did not relieve the defendant from liability and submitted special interrogatories to the jury.[8] The trial judge further instructed

---

or has paid more than his pro rata share thereof.

(3) A joint tortfeasor who enters into a settlement with the injured person is not entitled to recover contribution from another joint tortfeasor whose liability to the injured person is not extinguished by the settlement.

(4) When there is such a disproportion of fault among joint tortfeasors as to render inequitable an equal distribution among them of the common liability by contribution, the relative degrees of fault of the joint tortfeasors shall be considered in determining their pro rata shares solely for the purpose of determining their rights of contribution among themselves, each remaining severally liable to the injured person for the whole injury as at common law.

7.  Ark.Stat. § 34–1004 states:

34–1004. Release of one tortfeasor—Effect on injured person's claim.—A release by the injured person of one joint tortfeasor, whether before or after judgment, does not discharge the other tortfeasors unless the release so provides; but reduces the claim against the other tortfeasors in the amount of the consideration paid for the release, or in any amount or proportion by which the release provides that the total claim shall be reduced, if greater than the consideration paid.

8.  1.  Do you find from a preponderance of the evidence that the plaintiff, John L. Stewart, is entitled to recover damages in this action from defendant, John M. Bailey?

Yes.

2.  If your answer to the above question is "Yes" then answer this question:

that the court would be able to enter a proper judgment if the jurors answered the interrogatories. The settlement amount was $9,000 and the verdict returned was $10,000. The defendant's motion to credit the settlement amount on the verdict under the rationale of *Giem* and *Walton* was denied. The Arkansas Supreme Court held that the submission of the case on interrogatories made *Giem* and *Walton* inapplicable. It accordingly found no error.

Twelve years later the issue again surfaced in the Supreme Court of Arkansas in *Arkansas Kraft Corporation v. Johnson,* 257 Ark. 629, 519 S.W.2d 74 (1975).

In *Arkansas Craft* the plaintiff, an employee of Chicago, Rock Island & Pacific Ry. Co., was killed when a load of logs fell from a train car. The logs had been loaded by the employees of the defendant Arkansas Kraft Corporation. A judgment for $81,936.32 was recovered against Arkansas Kraft.

Prior to this judgment the plaintiff commenced a second cause of action against the railroad under the Federal Employers' Liability Act. The FELA case was settled for $79,500. Over the defendant's objection, the trial court advised the jury of both the fact and amount of the FELA settlement. This procedure was claimed as error under *Walton.*

The court reviewed the decisions of *Giem, Walton, Bailey* and *Woodard* and found no inconsistencies. The court noted that it had never reversed a judgment on either the basis of advising a jury or not advising a jury about settlement with another tortfeasor.

■ We do not read *Arkansas Kraft* as holding, as suggested by plaintiffs Arhart, that plaintiffs are entitled over defendant's objections to prove up the settlement terms entered into with a settled tortfeasor. A plaintiff in choosing to settle with one or more joint tortfeasors should not be permitted to use the settlement as a club to hold

over the head of the nonsettling tortfeasor. To permit Arhart to place the settlement terms before the jury over the objection of Micro Switch would have been unfair to the nonsettling defendant Micro Switch who had been given no choice in the plaintiffs' decision to settle.

When the plaintiffs decided to settle during the course of the trial it became obvious to the jury when the settling defendants left the courtroom that a settlement had been reached. Thus there remained no other alternative than to advise the jury of the obvious—that there had been a settlement. While the trial court may have explained the parties' absence in some other way, we find no error in the manner in which it was done.

■ It is the plaintiff's right as between joint tortfeasors to receive the total damages to which the plaintiff is entitled. Contribution and apportionment is of concern to the tortfeasors who may become obligated for a percentage of these damages. The manner of submission is in the discretion of the trial court and may vary from time to time depending upon the facts of the case.

The case of *Jackson v. Johns-Manville Sales Corp.,* 727 F.2d 506 (5th Cir.1984) reinstated en banc 750 F.2d 1314, 1317, is factually similar. This was an asbestos products liability case wherein the jury found Johns-Manville and Raybestos-Manhattan (nonsettlors) strictly liable for actual as well as punitive damages. Prior to trial eight defendants settled. The trial court informed the jury that the other defendants had settled, but did not reveal the amounts of the settlements. The jury was then instructed:

> You must disregard this fact [of prior settlements] and it should play no part in your deliberations herein. In assessing damages in this case, if any, you must not speculate or attempt to give credit by reason of any settlement or compromise

What do you find from the evidence, if any, to be the actual damages sustained by the plaintiff, John L. Stewart, if any, without reference to the amount of payment in settle-

ment as made by Jimmy F. Cossey and Don D. Duvall?
$10,000.00
(Insert actual damages, if any)

between the plaintiff and any other defendant who is no longer in this case because this is a matter that the court will consider and make proper adjustments for at the proper time in the event that your verdict is for the plaintiff against any one or more or all of the defendants herein.

Following the verdicts against the defendants, the trial court subsequently gave the defendants full credit for the amounts paid by the settling defendants. Applying Mississippi law, the Court of Appeals held that the trial court did not err in refusing the defendants' request to make full disclosure to the jury of the settlement amount.

Mississippi has adopted the same rules as Arkansas with regard to contribution among tortfeasors in that a "joint tort-feasor is entitled to credit when another tortfeasor has settled or paid the injured party...." *Jackson*, citing *Wood v. Walley*, 352 So.2d 1083 (Miss.1977). The purpose of such a rule is to prevent double recovery. *Jackson* at 531, citing *Daves v. Reed*, 222 So.2d 411, 416 (Miss.1969). "If the court had let in the amounts of the settlements, it would have been fairly obliged to explain to the jury the nature of the claims, how they compared with the claims here, and other factors too complicated to make such comparison practicable." *Jackson* at 532.

■ The trial judge in the present case deemed it necessary to submit the case on the initial questions of liability and damages, thus avoiding the problems raised above. Then, should the jury have returned a verdict against the defendant tortfeasor, the court in its discretion could proceed to submit the issue of apportionment. Since the jury returned a verdict in favor of the defendant, there remained no issue of apportionment.

The plaintiffs contend that by not revealing to the jury the amount of the settlement of Custom Stainless and Weiler-East, Micro Switch was able to argue that it should no longer be in the lawsuit; that the negligent parties have paid and gone home; that they would not have paid had they not thought themselves to be liable and that

the plaintiffs are simply now attempting to receive an additional recovery from Micro Switch. This argument, although forceful and articulate, is neither new nor unusual in negligence actions. Defendants often find that the best defense is to blame some other person or persons, to argue that tragic as an injury may be, it was not the fault of the party sued. In our adversarial system such argument is to be met with an equally articulate and effective response. Additionally, we fail to see why this argument might not have been made—perhaps even more forcefully—had the trial judge advised the jury that the plaintiffs had already received a $465,000 settlement from settling defendants Custom Stainless and Weiler-East.

Perhaps a timely objection may have triggered an admonition by the court to the effect that arguments of counsel are not evidence and further that the determination of liability and damages is a jury function. Perhaps also a more detailed instruction could be proffered such as the one given in *Jackson, supra*. The plaintiff made no objections to defendants' argument nor was there a request for additional instructions.

■ Assuming *arguendo* that the trial court had erroneously advised of the fact of settlement, it would not have been prejudicial in this case because the jury found no liability on the part of the defendant. *Lowe v. Taylor Steel Products Co.*, 373 F.2d 65, 68–69 (8th Cir.1967). It is noteworthy that there existed no issue of contributory or comparative negligence with respect to the claim of Randy Arhart and accordingly, the finding of no liability as to his claim indicates that the jury simply felt that Micro Switch was either not negligent, or if so, that its negligence was not a proximate cause of the injury sustained.

## IV. CONCLUSION

In sum, we find where settlement was made during the course of trial by one or more joint tortfeasors, the trial court committed no error in advising the jury of the

fact, but not the amount, of the settlement. Further, the submission of the case to the jury on the issue of the liability and damages with respect to the remaining defendant was not erroneous; that while the submission of the case on special interrogatories may also have been proper, the trial court had discretion to select the method used. No abuse of discretion is found.

We hold further that any objection to the method selected in this instance is moot by reason of the take-nothing verdict returned by the jury. Finding no error, we affirm.